JUSTICE LEAPHART
dissenting.
*32 ¶42 I dissent. There is merit to Liefert’s “negative implication” argument. We engage in the legal fiction that citizens such as Liefert are aware of the law, both at the federal and state level. However, in the context of this case, awareness of the state and federal law, at best, results in a state of confusion. Liefert appeared before a state court judge to be sentenced for the offense of partner assault. Section 45-5-206, MCA. The Montana statute setting forth the possible punishment for partner assault specifically provides that the court “may” prohibit an offender from possession or use of the firearm used in the assault. Section 45-5-206(7), MCA. Thus, the imposition of a firearm restriction appears to be discretionary with the state court judge. Here, the state court judge exercised his discretion and chose not to impose a firearm restriction. By negative implication, Liefert was free to possess a firearm. We assume however, as we must, that Liefert is also aware of the federal law, 18 U.S.C. Sec. 922(g)(9), which makes a firearm restriction mandatory upon a state court conviction for domestic abuse. Must we assume, however, that Liefert is aware that, if there is a conflict between federal and state law, the federal law controls and that, despite the wording of the state statute, the state court judge has no discretion in the matter? If we are to assume that Liefert is aware of these jurisprudential nuances, should not Liefert, in turn, be able to assume that the sentencing judge, who is certainly more schooled than Liefert in these matters, would advise and warn Liefert that, regardless of what the state court does or does not do with regard to firearm restriction, the federal law controls?
¶43 Liefert has a due process right to fair warning of conduct which would be considered criminal. Art. II, Sec. 17, Mont. Const.; § 45-1-102(1)(c), MCA. Montana law specifically states that the common law rule that penal statutes are to be strictly construed has no application to the Montana criminal law code. Section 45-1-102(2), MCA. The Court acknowledges that ambiguous statutes are to be interpreted in favor of a defendant. However, the Court concludes that this rule does not pertain here since the statutes at issue each unambiguously specify the punishment that may be brought by each entity. While that may be true if you look at each statute in a vacuum, the fact is that the federal sanction is contingent upon the state conviction and, thus, the two statutes must be read in conjunction with one another. When they are read together, to say there is an ambiguity is an understatement.
¶44 In my view, even if we assume Liefert was aware of state and federal law, we have merely attributed to him a state of confusion. The federal sanction is triggered by a conviction under state law. The state law, in turn, purports to give the state judge some discretion to impose firearm restrictions. It is one thing to assume that Liefert is aware of the federal and state law. It is quite another to assume that he has the *33 legal acumen to discern that the state judge, before whom he appeared for sentencing, despite the clear implication of the state statutory scheme, actually had no say in the matter of firearm restrictions.
¶45 I conclude that Liefert was denied his due process right to fair warning.